IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAROLINA CATERING CORP.<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>*Defendants* | Civil No. 24-cv-01095 (GMM) |

## MOTION TO DISMISS

Aerostar Airport Holdings, LLC ("Aerostar") moves to dismiss the Complaint without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction as it fails to establish justiciability. Alternatively, Aerostar moves to dismiss the Complaint with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

The Complaint proffers two counts, one for Mandamus that is not directed against Aerostar, and one for Declaratory Judgment, which is directed against Aerostar. The purported claim against Aerostar should be dismissed because Carolina Catering Corp. ("Carolina Catering") is seeking an advisory opinion rather than pleading an actual case or controversy against Aerostar. Specifically, Carolina Catering's veiled request for judicial clarification of federal regulations regarding employment eligibility and the necessity of Permanent Resident Cards does not claim a concrete legal dispute with Aerostar. Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction due to lack of justiciability or, in the alternative, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## DISCUSSION

**A. The Complaint against Aerostar should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.**

The Complaint does not present a justiciable controversy, but rather seeks an advisory opinion, a request that falls outside the boundaries of federal jurisdiction set by Article III of the Constitution. Ultimately, the Plaintiff seeks guidance rather than the adjudication of an actual dispute.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" Hollingsworth v. Perry, 570 U.S. 693, 704 (2013), *citing*, US Const. Art. III, § 2. This limitation applies in the context of the Declaratory Judgment Act ("DJA"), which allows district courts to grant declaratory relief strictly within the scope of cases of actual controversies that are justiciable under Article III. In re Financial Oversight and Management Board for Puerto Rico, 919 F.3d 638, 645 (1st Cir. 2019), *citing*, 28 USC § 2201(a), and Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937). In other words, the DJA does not confer subject matter jurisdiction on its own; instead, it provides relief for disputes that are already within the court's jurisdiction on some other basis. In re Financial Oversight and Management Board for Puerto Rico, 919 F.3d at 645, *citing*, Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995) (*citing* Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 15-16 (1983)).

"To determine if the declaratory relief is sought within a case of actual controversy, district courts must examine 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" In re Financial Oversight and Management Board for Puerto Rico, 919 F.3d at 645, *citing*, Maryland Cas. Co. v. Pacific Coal &

Oil Co., 312 U.S. 270, 273 (1941), and Aetna, 300 U.S. at 241 (describing a justiciable controversy as "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts"). "The Supreme Court has further remarked that, in evaluating requests for declaratory relief, courts shall exercise '[a] maximum of caution ... where a ruling is sought that would reach far beyond the particular case ... The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them.'" In re Financial Oversight and Management Board for Puerto Rico, 919 F.3d at 645-646, *citing*, Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 243-44 (1952). "In the absence of an actual controversy, federal courts cannot issue advisory opinions." In re Financial Oversight and Management Board for Puerto Rico, 919 F.3d at 646, *citing*, Golden v. Zwickler, 394 U.S. 103, 108 (1969).

In distinguishing declaratory relief from advisory opinions, courts have noted that lawsuits seeking only to declare abstract legal principles without addressing the parties' actual behavior are not justiciable. See Hewitt v. Helms, 482 US 755, 761 (1987) ("The real value of the judicial pronouncement – what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff."); Columbian Fin. Corp. v. BancInsure, Inc., 650 F.3d 1372, 1376 (10th Cir. 2011) ("It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties."). This principle underscores the lack of justiciability

of the Complaint at bar, which seeks to clarify legal standards in anticipation of future possible conflicts rather than relief for a current conflict.

The purported justiciable claim that Carolina Catering raises is based on the possibility that United States Transportation and Security Administration ("TSA") regulations might affect Carolina Catering adversely if and when they are enforced. The total failure to plead current, specific actions or inactions by Aerostar that somehow breach an obligation or otherwise cause a harm is dispositive. While Carolina Catering perceives potential issues with regulatory compliance due to what it considers to be unclear regulations or a lack of response from TSA and Aerostar regarding such regulations, this does not entail a current, active dispute. Simply put, there is no present conflict pleaded.

The speculative nature of Carolina Catering's claim, and the lack of a present, real dispute renders its Complaint for a declaratory judgment fundamentally nonjusticiable. Indeed, this case does not present the concrete and immediate legal conflict necessary for this Court to have jurisdiction.

In that same vein, the Supreme Court has stated that: "differences of opinion or conflicts of interests must be 'ripe for determination' as controversies over legal rights. The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Service Commission of Utah v. Wycoff Co., Inc., 344 US 237, 243-244 (1952). Ripeness principles require a court to refrain from deciding a case if relevant facts that will affect its outcome depend on future events. Marusic Liquors, Inc. v. Daley, 55 F.3d 258, 260 (7th Cir. 1995) ("A claim is unripe when critical elements are contingent or unknown."); Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir.

4

Case 3:24-cv-01095-GMM   Document 8   Filed 05/06/24   Page 5 of 7

2005) ("if a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction").

The speculation Carolina Catering pleads about the future interpretations and applications of TSA regulations are unripe for judicial review. The issues are contingent on uncertain future events that may or may not materialize. The lack of a current, concrete dispute renders Carolina Catering's DJA purported claim unavailing, lacking any need for judicial intervention. Essentially, the Court would be deciding in a vacuum, without a substantive basis to assess the legality of actions that have yet to occur, rendering this case unripe for adjudication.

For the reasons above, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

**B. Alternatively, the Complaint against Aerostar should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.**

Under Fed.R.Civ.P. 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To survive such a motion, a complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 US 544, 569 (2007). This means that the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Rederford v. US Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (internal quotation marks omitted), *citing*, Ashcroft v. Iqbal, 556 US 662, 663 (2009) (quoting Twombly, 550 US at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]'devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 US at 557).

Thus, when presented with a Rule 12(b)(6) motion, courts should follow a two-step approach. "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements". <u>Schatz v. Republican State Leadership Committee</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). "Step two: take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." <u>Id.</u>

A cursory examination of the Complaint reveals its failure to establish a plausible claim for a declaratory judgment regarding the employment verification and authorization of non-U.S. citizen employees at LMMIA. The Complaint totally fails to set forth any breach of an obligation by Aerostar or any harm caused by Aerostar that would require the declaratory judgment sought. Ultimately, Carolina Catering wants Aerostar to interpret federal regulations (<u>see</u> Complaint, Exhibit A), but proffers no legal obligation that Aerostar has to do so, or any harm suffered as a result. Moreover, the dispute involving Carolina Catering and a former employee, which centers on the termination of employment due to the expiration of the employee's Permanent Resident Card, does not include Aerostar. (Complaint, ¶ 52). Aerostar's absence as a party in that litigation highlights that the dispute is confined to employment practices internal to Carolina Catering. <u>Id.</u>

For the reasons above, the Complaint should alternatively be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

RESPECTFULLY SUBMITTED.

WE CERTIFY that, on this same date, an electronic copy of this document was filed using the CM/ECF system, which will send a copy to all counsel of record.

In San Juan, Puerto Rico, on May 6, 2024.

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave., Suite 900

        San Juan, PR 00918
        Office 787.705.2171
        Fax 787.936.7494

        *S/ Manuel A. Pietrantoni*
        Manuel A. Pietrantoni
        USDC-PR No. 219805
        mpietrantoni@mpmlawpr.com

        *S/ Annie Lorenna Ramírez Hernández*
        USDC-PR No. 308706
        aramirez@mpmlawpr.com