IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAROLINA CATERING CORP.<br><br>*Plaintiff*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.<br><br>*Defendants* | Civil No. 24-cv-01095 (GMM) |

## REPLY TO OPPOSITION TO MOTION TO DISMISS

Aerostar Airport Holdings, LLC ("Aerostar"), replies to the Opposition to Defendant's [sic.] Aerostar Airport Holdings LLC's Motion to Dismiss ("Opposition") (Dkt. No. 11), filed by Carolina Catering Corp. ("Carolina Catering" or "Plaintiff"), as follows.

**Preliminary Statement**

Carolina Catering bases its Opposition on two purported grounds that do not pass muster: first, that there are legitimate controversies presented in the Complaint; and second, that it asserted different causes of action. Opposition, ¶ 4. Both grounds, which are essentially the same averment, i.e. that Carolina Catering pleads an actual case or controversy in the Complaint, are misguided. While the Complaint pleads that Carolina Catering is concerned that it could be subjected to employment discrimination claims, based on what it perceives to be lack of clarity in the security regulations regarding the employment verification and authorization of non-U.S. citizen employees at the Luis Muñoz Marin International Airport (the "Airport"), the fact of the matter is that the Complaint does not assert any actual, concrete claim. It states that Carolina Catering has been prone to such employment claims in the past and speculates that it might be subjected to such claims in the future, but it does not assert a real, existing claim that triggers subject matter jurisdiction. In fact, the Complaint does not identify any employment dispute save one, and Carolina Catering is careful to not dwell on that because it knows that any claim against Aerostar based on that case should have been brought in that case. In fact, the same would hold true as to any past employment claim resulting from applying the Airport security regulations–the alleged Declaratory Judgment claim against Aerostar should have been brought there.

The lack of a concrete, specific dispute renders Carolina Catering's purported Declaratory Judgment claim unavailing, lacking any need for judicial intervention. Essentially, the Court would

be deciding in a vacuum, without a substantive basis to assess the legality of actions that have yet to occur. Accordingly, the Complaint should be dismissed.

## Discussion

Carolina Catering cites several cases in its Opposition that are either inapposite or actually support dismissal. For instance, it cites <u>Hightower v. City of Boston</u> (at Opposition, ¶ 24) for the proposition that, in a ripeness examination, "there is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability have already occurred. The court is then merely being asked, as in any litigation, to determine the legal consequences of past events… the situation is more complicated when a declaration is sought on the legal consequences of a hypothetical act that may or may not occur in the future." 822 F. Supp.2d 38, 52 (D.Mass. 2011). With this citation, Carolina Catering seems to be implying that "acts that are alleged to create liability have occurred" and as such its claim is ripe. But Carolina Catering misses the mark for two reasons.

First, the court in <u>Hightower</u> actually found that the claims at issue were in fact unripe, which supports Aerostar's position. Second, the above quote was not originally from <u>Hightower</u>. Carolina Catering conveniently omits that <u>Hightower</u> was actually citing <u>Verizon New England, Inc. v. Int' l Bhd. of Elec. Workers, Loc. No. 2322</u>, 651 F.3d 176, 189 (1st Cir. 2011). And there, while the First Circuit did find that the matter at issue was ripe, it did so because the declaratory judgment sought was for specific actions that had occurred and were the object of the complaint; specifically concerning four different breaches of a collective bargaining agreement that one party argued required arbitration and asked the court for a declaratory judgment to that effect. <u>Id.</u> at 180 and 189 ("VNE seeks a declaration that the Union's past actions contravened the no-strike clause of the CBA and frustrated the company's bargained-for quid pro quo that such matters be resolved through arbitration").

Thus, for the matter to be justiciable, the "past events" for which declaratory relief is sought have to be the object of the lawsuit, pled with specificity. That is not the case here. Contrary to <u>Verizon New England, Inc.</u>, where the plaintiff specified four instances of a breach of a collective bargaining agreement that required enforcement of the arbitration clause of the agreement and sought declaratory relief to that effect (<u>Id.</u> at 180), here Carolina Catering is not alleging that it needs declaratory relief for any specific past event. Carolina Catering is merely relying on past experiences to seek relief for future events. It is not seeking declaratory relief for those past

experiences; rather to remedy future events. And that renders this court without subject matter jurisdiction because there is no actual case or controversy.

This is further demonstrated in paragraph 29 of the Opposition, where Carolina Catering states: "[t]o the extent that the security programs for the [Airport] are delegated, in whole, or in part, real controversies also exist regarding the function and responsibilities of all actors involved. Therefore, it is in the interests of all parties that any responsibility for security shortcomings be clearly delineated and attributable to either Aerostar, DHS, or any corresponding other government agency." This statement underscores Carolina Catering's intent to seek judicial intervention for the purpose of clarifying roles and responsibilities for potential future issues rather than addressing specific past (or present) purported breaches. Carolina Catering is essentially asking the Court to issue an advisory opinion on hypothetical future scenarios.

The Complaint only specifies a single past event for which it seeks the declaratory judgment: the lawsuit captioned Roberto Jiménez Soto v. Carolina Catering Corp., Civil No. CA2020CV00700. Opposition, ¶ 14, and Complaint, ¶ 52. Clearly, Carolina Catering seeks a declaration that would ultimately defeat, or at least weaken, Mr. Jiménez Soto's discrimination claim in that case, which the Complaint here states is based on Carolina Catering's decision to deem him "not authorized to work in the [Airport] because his Permanent Resident Card had expired." Complaint, ¶ 52. But any relief affecting the claims and issues that pertain to that case, as is the declaratory judgment sought here, should be sought and litigated in that case which is presently before the Puerto Rico Supreme Court. Complaint, ¶52. Trying to obtain relief here, "through the back door," that would obviously affect the merits of that case, is improper. See Cruz v. Melecio, 204 F.3d 14, 24–25 (1st Cir. 2000) ("From the standpoint of federalism and comity, there is something particularly offensive about hijacking a case that is pending on the docket of a state's highest tribunal"), *citing*, American Benefit Life Ins. Co. v. United Founders Life Ins. Co., 515 F. Supp. 800, 803 (W.D.Okla. 1980) ("Considerations of comity and principles of sound judicial administration require abstention when a state court decision is on appeal to that state's supreme court and a second action is filed in federal court").

Lastly, Carolina Catering cites E. Edelmann & Co. v. Triple-A Specialty Co., 88 F. 2d 852, 854 (7th Cir. 1937) to support its position that the Declaratory Judgment Act is meant "to avoid the accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had

accrued." Id.; Opposition, ¶ 22. Carolina Catering does not discuss this case, and only cites it for the above proposition, presumably to attempt to persuade this court that a declaratory judgment claim is proper "to one not certain of his rights and to afford him an early adjudication." Id. But that proposition is taken out of context and is incomplete. The plaintiff in E. Edelmann was actually a purported patent infringer who brought suit against the purported patent owner seeking a declaration that the patent was invalid after the patent owner publicly announced to the trade that the plaintiff was infringing its patent. Id. at 853. Thus, there was an actual controversy between the parties, and it was in that context that the court stated that the purported infringer, which pled that it had been publicly discredited, had a right to seek a determination that the patent at issue was in fact invalid–before the purported patent owner brought suit for patent infringement. That is not the case here. Here, Carolina Catering has not pleaded an actual controversy between the parties that would subject Carolina Catering to a claim by Aerostar or the Government unless it obtained the declaratory judgment sought.

In a final attempt to create confusion, Carolina Catering circumvents or otherwise contradicts its own claims. It states in its Opposition that it has "continually encountered situations in which employees have been deemed ineligible for SIDA badges by Aerostar because of their expired identification or employment authorization." Opposition, ¶ 14. Yet, in its Complaint, Carolina Catering states that it is not Aerostar that deems the employees ineligible for SIDA badges; rather, Carolina Catering terminated their employment on its own accord. Complaint, ¶¶ 50 and 51.

The Opposition also attempts to attribute liability to Aerostar, albeit discretely, alleging that Aerostar breached its duty to establish a system of personnel identification for employees of the Airport. Opposition, ¶ 26. However, these claims are not supported with specific allegations in the Complaint. In fact, the Complaint contains no claim against Aerostar for breach of any duty, and is instead limited to seeking that Aerostar issue a regulatory interpretation. Complaint ¶ 53. In any event, the Complaint identifies various procedures established by Aerostar, such as obtaining fingerprints, performing background checks, and the need for valid identification documents for the issuance of security identification cards. Complaint, ¶¶ 25, 34, 46. These detailed descriptions of Aerostar's procedures demonstrate that Aerostar has established and maintains a comprehensive system for personnel identification, directly contradicting the Opposition's new (and unpled) claim of a breach.

Additionally, the Opposition alleges that "the damages and consequences of Aerostar's failure to act are real, constant, and continuing," arguing that Aerostar cannot claim that no actual controversy exists since the scenario described is ongoing. Opposition, ¶ 31. However, the Complaint lacks any well-pleaded, nonconclusory allegations of specific damages or specific consequences resulting from Aerostar's actions or inactions. Without well-pleaded, nonconclusory claims, Carolina Catering's Complaint falls short.

For the reasons above, this action should be dismissed with prejudice for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim under which relief can be granted.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY** that, on this same date, an electronic copy of this document was filed using the CM/ECF system, which will send a copy to all counsel of record.

In San Juan, Puerto Rico, on June 20, 2024.

**MARINI PIETRANTONI MUÑIZ LLC**
250 Ponce de León Ave., Suite 900
San Juan, PR 00918
Office 787.705.2171
Fax 787.936.7494

*S/ Manuel A. Pietrantoni*
Manuel A. Pietrantoni
USDC-PR No. 219805
mpietrantoni@mpmlawpr.com

*S/ Annie Lorenna Ramírez Hernández*
Annie Lorenna Ramírez Hernández
USDC-PR No. 308706
aramirez@mpmlawpr.com